318-0724, Diana Angell, appellant, Ronald Harvey v. Santefort Family Holdings, LLC, Appalooke, Hyde Park, Suburban Counsel Mr. Harvey, right? That's it Okay, fire when ready Okay My name is Ron Harvey, I represent the plaintiff petitioner Diana Angell who was seriously injured in April of 2014 when she stepped into an open vent in a mobile home We believe that Santefort Family Holdings is the proper defendant in this case However, but if Midwest Home Rentals is the proper defendant, that we should be allowed to amend our complaint pursuant to 2-616D Santefort Family Holdings, LLC, is the owner of the trailer in the property upon which the plaintiff was injured That's the case because first the title search of the property reveals that Santefort Family Holdings, LLC, owns the location The plaintiff sent an attorney's lien to Santefort Family Holdings and the insurance company And that lien prescribed the incident and we got an acknowledgement back from the insurance company that that was in fact the correct defendant And then we proceeded to negotiate with that insurance company and they offered money on this case before we filed a lawsuit Brian Gallagher, who is the Chief Operating Officer of Santefort Family Holdings, gave a deposition in this case He testified that Santefort Family Holdings purchased the trailer home, which was called TriStar, in 2013 And that the purchase included all the trailers that were then on the property There's no evidence, in Illinois, a transfer of a title of a trailer home or a car requires it to go through the Secretary of State So then there's no evidence that the trailer home was then ever transferred to anyone else That it was transferred to Midwest Home Rentals properly There's no title produced that says that Midwest Home Rentals is the title holder of the property That was never done So we believe that it stayed with Santefort Family Holdings Then the gentleman, Michael Quam, who showed the plaintiff the property, the mobile home He reported to Brian Gallagher, who is the Chief Operating Officer of Santefort Family Holdings So that's further evidence that Santefort Family Holdings was the right owner And then both of the employees of Midwest Home Rentals, both Michael and Linda Quam Linda Quam is the person in the sales office on the property And Michael Quam was the guy who showed my client the trailer They both reported to Brian Gallagher, who was the Chief Operating Officer of Santefort Family Holdings Then Brian Gallagher, who was the person who answered the interrogatories in this case He was asked, in question three of the interrogatories, who owned the trailer home, basically And he did not say that Midwest Home Rentals was the owner of the trailer home He's the Chief Operating Officer of both companies So that's why we believe that Santefort Family Holdings is the owner of the location Or the trailer sitting on the location where the plaintiff was injured However, if Santefort Family Holdings is not the proper defendant in this case Then we believe that we should be able to amend our complaint pursuant to 2-616D To add Midwest Home Rentals as a defendant We meet the standards of 2-616D The original complaint was filed in a timely manner And Midwest Home Rentals received timely notice that there was a claim They received timely notice because the person we served with summons for Santefort Family Holdings Thomas Santefort, is the manager of Midwest Home Rentals So they got immediate notice of this lawsuit I want to ask you, in the trial court, did you file a motion to remove them? Well, when they filed their motion for summary judgment Our response was that we believe that Santefort Family Holdings was the proper defendant But that if the court believes that they were not That we have to leave to amend our complaint To add Midwest Rentals as a defendant And we made the argument pursuant to 2-616D in our response to the motion for summary judgment Okay, so was that a no? You did not file a motion for leave to file a amended complaint? We believe the requirement is that it be in writing And there's no requirement that it be a separate piece of paper So it was contained within our, I'm sorry It also requires that the proposed amendment be attached to the motion, right? I don't know if that's true Well, at any rate, you did not file, can we agree on one thing? You did not file a motion, a document to have a motion to leave to file an amended complaint No separate document Okay, thank you Okay So, then also, Brian Gallagher Of Santefort, the CEO of Santefort Family Holdings Is also the Chief Operating Officer of Midwest Home Rentals And the testimony is that Michael Quam told him about the incident on the day it happened So he had the Chief Operating Officer of Midwest Home Rentals Had immediate notice that the incident happened that way as well So, and also, they had constructive notice Based on the fact that the two companies share the same law firm And that the two companies share the same insurance company So they had notice of this incident four different ways So I think we meet the requirement of the statute that way Finally, the final requirement of 616D is also met And that the cause of action that's asserted is identical The only change is the name of the defendant Otherwise, the claim is exactly the same for both So I think we meet the requirements of 2616D So, finally, we think that the plaintiff petitioner should be allowed to pierce the corporate veil in this case Because it's obvious that the same two people, Thomas Santefort and Brian Gallagher Basically control both properties, both companies And that the presence of a huge number of related companies is evidence That part of the reason they're all created is to create confusion And that the companies couldn't stand separately If you have entities that pay the payroll You can't have that without employees to pay the payroll too If you have employees, you can't have them without a task for them to do So you have all these related companies that couldn't stand by themselves Is there any significance to the fact that the transfer of the trailer, the mobile home Was made to Midwest by way of something like a back-end entry? Well, that's what Brian Gallagher says It might have been transferred that way That's what he says in his deposition He says it might have been transferred that way But that's not what Illinois requires in terms of transferring a mobile home But in terms of your argument for corporate bail That suggests a relationship between companies Well, there's a zillion reasons for the relationship The same lawyers, the same insurance, the same officers of both companies They both operate the same tri-star place of business So there's all kinds of relationships between the two They're totally intertwined Let me ask you Purchasing the corporate bail goes to individual liability of the shareholders Or the corporate officers, right? Yes As opposed to figuring out which one of these corporations is the proper defendant That would involve purchasing the corporate bail That involves which one of these corporations is the legal owner Well, if they're one and the same Then listing one is the same as listing the other, I think Listing one corporation? Naming one is the same as naming the other Because they're the same Corporation? Yeah Okay So you're saying these So your argument is One corporation is the same as naming the other Because in reality they're the same thing Yes So how do you tie that to purchasing a corporate bail? Because that's an instrumentality to go after the corporate owners The shareholders I don't know if I understand your question You're not saying Is your argument that these really were fraudulent corporations And they weren't really corporations? Yes Yes, it is All right Thank you Mr. Zimmer Yes, thank you May it please the court, counsel Your honor, I'd like to start out just by correcting one thing that was in our brief When we stated that we, Sanford denied owning, operating, and managing or maintaining the premises In response to paragraph three of the plaintiff's complaint You're talking to some elderly people I apologize I'm told I'm soft spoken at times I would like to start just by correcting the statement in our brief Where we said Sanford denied that it owned, operated, maintained or controlled the premises In response to paragraph three of count one of the plaintiff's complaint I think that should have been a reference to our third affirmative defense Where we denied that we had violated any duty And that if any duty had been violated, it was of other parties That being said, I think this is actually a pretty straightforward and easy case The plaintiff named the wrong party And throughout discovery, Sanford Family Holdings repeatedly said We did not own this trailer home When it became clear through discovery that she fell inside the home itself There was no fall outside Sanford repeatedly said we did not own this They answered discovery Question two specifically asked did you own, operate, maintain this property Sanford Family Holdings said no In response to question number three, they objected that Sanford Family Homes Admittedly misstating their name as a typo Did not own the property But they never at any time in this case said that Sanford Family Homes Owned this property at the time the plaintiff fell The plaintiffs took the deposition of Brian Gallagher He said at the time this woman fell in the home It was owned by Midwest Home Rentals He says it's possible that it might have been owned His response says it's possible we may have bought it in the interim From April 2013 when we acquired it To April 2014 when the accident happened He meant at some point between those two periods It may have been in the inventory of Sanford Family Holdings But it would have been transferred to Midwest Home Rentals Before April 2014 when the plaintiff fell In response to the plaintiff's response to our reply Our reply to their response We actually went and pulled the title Which shows that it was transferred from Janet Warehover It's attached as Exhibit B to our reply And shows the title transferred directly from her or the prior owner To Midwest Home Rentals It didn't even actually go through Sanford Family Holdings But even if it had, Brian Gallagher's testimony was clear That it had already moved to Midwest Home Rentals In response to the plaintiff's request To take depositions of people from Midwest Home Rentals He took the deposition of Michael Quam and Linda Quam Who both testified that in April 2014 When the plaintiff allegedly fell That the property had already been transferred to Midwest Home Rentals Or that it was in the inventory of Midwest Home Rentals The plaintiff specifically requested those depositions To confirm that it was actually owned by Midwest Home Rentals Still the plaintiff did nothing The plaintiff at that time could have filed a motion to amend her complaint She never filed that motion Your Honor was correct when you asked if they ever did They never filed that motion to actually file an amended complaint Their references at this point to 616D are not even proper Let me just ask a question, just so I'm clear In discovery, was the plaintiff provided with a copy of that title showing the transfer? Yes, after the plaintiff filed their response Without any basis saying that they thought the title Would have gone to Sanford Family Holdings We actually pulled it and produced it to the plaintiff And it's attached to our reply That's one of the things the plaintiff said we should have produced earlier But it was never actually a Sanford Family Holdings document We also pulled the tax documents to show The public tax documents that showed That Janet Warhofer paid the taxes And then Midwest began paying the taxes Sanford Family Holdings never paid the taxes These are all things that the plaintiff could have pulled herself They're public records But she didn't do that before she filed her complaint And then during discovery, when it's repeatedly pointed out to her That Midwest Home Rentals is the proper owner of this trailer home As opposed to the land on which it sits That's what she found when she did this title search She found out that TriStar Estates is owned by Sanford Family Holdings They own the land But the actual trailer that sits on the land And who's responsible for it is Midwest Home Rentals And at no point did she ever attempt to actually bring that party in the case Plaintiff's reference to their response to our motion for summary judgment Being a motion for leave to file an amended complaint One, Your Honor was correct It doesn't attach the proposed amended pleadings Which, if that's not part of the record There was nothing for the circuit court to even rule on As far as filing an amended complaint And there's nothing for this court to review The case law is clear that when a case comes up to an appellate court On a denial to file an amended complaint That amended complaint has to be part of the record For the court to even have anything to review And the plaintiff's only reference And I wrote down exactly what she said Was, if this court finds that Ms. Angel sued the wrong entity It must allow her to refile a complaint Naming Midwest Home Rentals as the defendant That would only happen if the court has already entered summary judgment It's a request for post-judgment relief to add a new party Which again, the case law is clear No party has a right to post-judgment add a new party to the case The circuit court looked at all the evidence in this case And found that, as a fact Midwest Home Rental owned this property Owned this trailer at the time the plaintiff fell And the plaintiff never... Let me ask you another question How long before the summary judgment Did y'all produce the title to that trailer home to the plaintiff? I know we didn't even pull it until after their response I don't have the exact date in front of me But it would have been... Was it before the hearing? Yes, it was before the hearing And it was also attached to our reply We produced it to them before our reply And also attached it to our reply Do you have any recollection of how much time it'll last Between then and the hearing on the motion for summary judgment? I want to say a couple weeks Three weeks, four weeks maybe at the most I think it was a standard 28 days to respond 14 days to reply And then another 7 to 14 days for the actual hearing So we could get courtesy copies to the court And things of that nature But we had produced it to them Before the actual summary judgment hearing They still, in response to our reply Could have filed a motion for leave to add a new party Which they never did at any point Throughout this entire case And I also believe that their reliance on 616D is misplaced 616D does not give a plaintiff or any other party An affirmative right to file an amended complaint You don't even move to file an amended complaint under 616D You move to file an amended complaint under 616A And that's where you have to follow the rules  You have to put it in writing Attach it to the actual motion 616D and even the plaintiff's own case law Establishes that after you've gotten that leave to file the amended complaint If a new party comes in the case In this case it would be Midwest Comes in and says You blew the statute of limitations Well that's when you look to 616D To actually calculate the relation back If the parties had both known Then that's when you use 616D The plaintiff should have moved under 616A But they didn't move under either statute And they never actually attached the proposed amended pleading To give this court something to actually review In regards to piercing the corporate veil I still don't really understand why they're making that argument As your honor pointed out That's really a way to go after the shareholders The plaintiff's own briefing in the underlying case pointed out There's 11 factors that you look at To determine whether to pierce the corporate veil They only made arguments on two And plaintiff's argument is that Well the only reason that these corporations could exist is a fraud Well Brian Gallagher testified in his deposition As to what the reason was There's banking requirements in the mobile home field That require the landowner And the actual owner of the manufactured home To be separate entities for lending purposes That's why these corporations were set up And it's not as if Sanford Family Holdings or Midwest Hid the fact from the plaintiff Of who owned this property at the time she allegedly fell They repeatedly told her during discovery I mean the depositions could not have been clear That Midwest owned this property And all plaintiff would have had to have done Is file a motion to amend their complaint We don't know what the court would have ruled on that So if the court would have allowed them to do that Your client wouldn't have suffered any prejudice My client is Sanford Family Holdings I'm assuming that if the court had done that Then they would be out of the case Or we still would have filed the same summary judgment motion There'd still be the same evidence That Sanford Family Holdings would not have owned the property As to whether there would have been prejudice to Midwest I can't speak to that because I'm not representing Midwest in this case And I don't know that I would be brought in to represent them Considering the factual background of this case But the simple fact is that they didn't do that And we don't know if the court would have even given them leave to do it Because as I said in their motion for leave They do have to address certain things They have to say why this proposed amending complaint wasn't filed before They'd have to explain for instance Why they didn't do a title search of the trailer itself As opposed to the land Why didn't they look at the tax documentation The documents that you supplemented discovery with Was that a mortgage Finding that what Midwest assumed was a mortgage For the trailer I believe there were mortgage documents And I think there was also the actual title That went from Janet Warhofer to Midwest I know there was Right but until that is sent in to the Secretary of State That doesn't change the title to the mobile home That can only be done through the Secretary of State Just like with a car Well it wouldn't change the title in any case to Sanford Family Holdings But it doesn't stand as proof that the owner is Midwest Because that has to be done through the Secretary of State The change in title Just like any other motor vehicle It was my understanding that that title was the ownership title If I'm wrong on that then I apologize But in any case it didn't show any transfer to Sanford Family Holdings Once Brian Gallagher testified that Sanford Family Holdings didn't own this property The plaintiff has to bring forth some evidence To show that Sanford Family Holdings owned this property She never did that in the underlying case His deposition testimony was pretty clear That we would have gotten it and then we would have transferred it It doesn't sound to me like he's denying that it was ever owned They would have come with it Sanford Family Holdings bought the property And any homes that came with it would have been then assigned to the Midwest Home Owners But it doesn't sound like the purchase with those homes is all one transaction And then the assignment happens following that, right? My understanding of his testimony was that he wasn't entirely He testified that they would have bought all of it together And that it definitely would have been transferred If it had ever been in the possession of Sanford Family Holdings It would have been transferred before the incident where the plaintiff allegedly fell I think it's clear who owned this property at the time the plaintiff allegedly fell There's no documentation We pulled all the public records we could find That ever showed Sanford Family Holdings owned the property The two representatives from Midwest themselves said That this was in the inventory of Midwest at the time that she allegedly fell And that title transfer It doesn't show that it went through Sanford to Midwest It showed it went from Janet Warhofer to Midwest directly There's no evidence that I've seen in this case And the plaintiff hasn't brought forth That Sanford Family Holdings owned this property at the time the plaintiff allegedly fell The circuit court looked at all the evidence Made a finding of fact And then entered summary judgment as a matter of law For those reasons I believe that the court should uphold the circuit court's decision Thank you Thank you Well the same man that they're relying on As far as ownership And saying that he told us earlier that Midwest was the owner Is Mr. Gallagher And if you look at the third question of our interrogatories The answer We ask who the owner is of the property He does not say Midwest Rentals is the owner So I don't think it is so clear If you look at the documents that they produced They produced them one day before their reply brief was due And after we'd already responded to their motion for summary judgment In those documents is a tax bill For several years that shows that somebody with a name of Let's see Mary Nemitz is the owner according to the tax bills And then We have that Tax transfer document And that is dated January 27th As the purchase date of 2007 Which is Let's see what number exhibit is it 398 And it's And they didn't buy this location They didn't buy Tristar until 2013 according to the testimony So there's a title transfer The property owner is And this is Janet Warhofer In January of 2007 Five years before Tristar bought this trailer park And then somebody's written on the bottom Assignment of title to Midwest Home Sales But this is all five years before They were involved in this Before they even own the property So there is no title showing that First Midwest is the owner of the property Because it was never transferred to them Throughout this case Their position has been that Sanford Family Holdings Was the owner of the property In their motion for summary judgment They say Sanford Family Holdings is the owner of the property And that it was transferred prior to our accident So then Transferred from whom to whom Well they're saying It was transferred to Midwest Prior to the accident But Sanford was the owner And they transferred it to First Midwest Not First Midwest Midwest before the incident And then in their reply brief They for the very first time Say that Sanford never was the owner So throughout their position has been That Sanford was the owner And then it was transferred And then I mean the operative date Is the day of the accident On the day of the accident right? Yes Yes So what's the difference to own it before? Well I mean it shows That it's not straightforward My gentleman opponent is arguing that That we knew all along that That Midwest was the owner For a long period of time And that's simply not true It's very confusing Who the owner is They have a zillion companies That are So it's difficult to pick out the correct one In this situation Now as far as our The only change that we stated In our response that we wanted to make To our complaint Was to change the name of the defendant In our response to their Motion for summary judgment So it is of record what we wished Our amended complaint to say I mean it kept all the Everything And it solely changed The name of the defendant Or We added Midwest As another defendant But everything else would have stayed the same According to our request Counsel is on hand Okay Well that's all Alright thank you Mr. Harvey Mr. Zimmer thank you too This matter will be taken under advisement That the written disposition will be issued And we'll be in a brief recess For panel debate for the next two weeks